1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  ASHLEY REYES
   Deputy Attorney General
4  State Bar No. 312120
    2550 Mariposa Mall, Room 5090
5    Fresno, CA  93721-2271
    Telephone:  (559) 705-2312
6    Fax:  (559) 445-5106
    E-mail:  Ashley.Reyes@doj.ca.gov
7  *Attorneys for Defendant State of California, acting
   by and through the California Highway Patrol*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12 | **LATHAM, ROBERT, individually** | Case No. |
   | **and as Successor in Interest to CORY** | |
13 | **ALLEN LATHAM; BONNIE** | Fee exempt per (Gov. Code, §6103.) |
   | **LATHAM, individually and as** | |
14 | **Successor in Interest to CORY** | **NOTICE OF REMOVAL BY** |
   | **ALLEN LATHAM; KAYLA** | **DEFENDANT STATE OF** |
15 | **LATHAM, a minor individually and** | **CALIFORNIA PURSUANT TO 28** |
   | **as Successor in Interest to CORY** | **U.S.C. § 1441(a) (FEDERAL** |
16 | **ALLEN LATHAM, by and through** | **QUESTION)** |
   | **her Guardian Ad Litem, DANIELLE** | |
17 | **LEPINS,** | **AND** |

18                    Plaintiffs,       **DEMAND FOR JURY TRIAL**

19         v.

20                                      Trial Date:   Not yet set.
                                        Action Filed: 2/16/2022
21 **CITY OF SAN BERNARDINO, a**
   **municipal entity; CITY OF**
22 **BARSTOW, a municipal entity;**
   **CITY OF CHINO; a municipal**
23 **entity; SAN BERNARDINO**
   **COUNTY, a governmental entity;**
24 **STATE OF CALIFORNIA, a**
   **governmental entity; DOE**
25 **OFFICERS 1 through 25; and DOES**
   **26 through 50, inclusive,**
26
                     Defendants.
27

28

1

1       **To the Clerk and Honorable Judges of the United States District Court**
2 **for the Central District of California:**

3       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441(a),
4 Defendant, the State of California, acting by and through the California Highway
5 Patrol ("CHP"), removes to this Court the state court action described below:

6                        **STATE COURT ACTION**

7       1.    On February 16, 2022, an action was commenced in the Superior Court
8 of the State of California, County of San Bernardino entitled <u>Robert Latham, et al.</u>
9 <u>v. State of California, et al.,</u> state case number CIVSB2129163. This Complaint
10 named State of California, California Highway Patrol, and DOE OFFICERS as
11 defendants.

12       2.    On November 23, 2023, Officer Joshua Morales was named as DOE
13 OFFICER 1. On March 20, 2024, Sergeant Ronnie Fredricks was named as DOE
14 OFFICER 2. On June 12, 2024, a First Amended Complaint was filed. The First
15 Amended Complaint alleges federal civil rights claims under 42 U.S.C. § 1983.

16                **RECORD FROM STATE COURT**

17       3.    A true and correct copy of the conformed First Amended Complaint that
18 was served on Defendant CHP via electronic service June 12, 2024 for this state
19 court action is attached herewith as **Exhibit 1**.

20       4.    A conformed Summons has not been served on CHP.

21       5.    CHP has not been served with any other documents from the state court
22 action.

23       6.    Officer Joshua Morales and Sergeant Ronnie Fredricks have not been
24 served with the Summons and First Amended Complaint.

25          **TIMELINESS OF NOTICE OF REMOVAL**

26       7.    CHP was served with the First Amended Complaint via email on June
27 12, 2024. The 30-day removal period under 28 U.S.C. section 1446(b)(1) runs from
28 the date of service of the summons and complaint. Since the service date was June

12, 2024, the 30-day removal period ends on July 15, 2024 for CHP. Therefore, this removal notice is timely, as it is being filed on July 15, 2024.

## REMOVAL JURISDICTION

8.    Plaintiffs' First Amended Complaint alleges a federal law claim under 42 U.S.C. § 1983 against CHP, Officer Morales, and Sergeant Fredricks. This federal claim appears in count 3 of the First Amended Complaint. (Ex. 1, ¶¶ 40-44.) Specifically, count 3 invokes 42 U.S.C. § 1983 and alleges violations of Civil Rights for excessive force. (Ex. 1, ¶¶40-44.)

9.    This federal claim is a cause of action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). The action is therefore subject to removal to this Court pursuant to 28 U.S.C. § 1441(a).

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The state law claims are based on the same alleged events and transactions that are raised by Plaintiff in support of her claims that arise under the federal constitution and federal statute. (Ex. 1, ¶¶21-39.)

## VENUE

11.    The state action was filed in the San Bernardino County Superior Court. The primary events giving rise to the action are alleged to have occurred in the county of San Bernardino, California. Therefore, venue in the Central Division of this Court is proper pursuant to 28 U.S.C. §§ 84(c)(1), and 1391(a) and (b).

## RELATED CASES

12.    To the best of Defendant's knowledge, there are no related cases pending in this Court.

## JOINDER/CONSENT BY OTHER DEFENDANTS IN REMOVAL

13.    There are no other named defendants in this action.

///

///

///

3

1

**NOTIFICATION TO ADVERSE PARTY**

2     14.   This Notice of Removal will be promptly served on Plaintiff (through her

3  attorney of record), and a copy of the same will be filed with the Clerk of the

4  Superior Court of the State of California, County of San Bernardino.

5

**CONCLUSION**

6     Accordingly, this action is subject to removal from state to federal court, and

7  Defendant respectfully requests that this civil action be removed from the Superior

8  Court of the State of California, County of San Bernardino, to the Central District

9  of the United States District Court.

10

**DEMAND FOR JURY TRIAL**

11     Pursuant to Federal Rule of Civil Procedure 38, subdivision (b), Defendant

12  hereby make a demand for a jury trial on any issue triable of right by a jury.

13  Dated:  July 15, 2024                    Respectfully submitted,

14                                           ROB BONTA
                                             Attorney General of California
15                                           NORMAN D. MORRISON
                                             Supervising Deputy Attorney General
16

17

18                                           */s/ Ashley Reyes*
                                             ASHLEY REYES
19                                           Deputy Attorney General
                                             *Attorneys for Defendant State of*
20                                           *California, acting by and through the*
                                             *California Highway Patrol*

21  LA2022601528
    95577080.docx
22

23

24

25

26

27

28

4

# EXHIBIT  1

1  Haytham Faraj, Esq. (SBN 291416)
**THE LAW OFFICES OF HAYTHAM FARAJ**
2  8605 Santa Monica Blvd., Suite 44953
West Hollywood, California 90069-4109
3  Telephone:   (323) 463-9200
Facsimile:   (202) 280-1039
4  Email:       service@farajlaw.com

5  Attorneys for Plaintiff, KAYLA LATHAM

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
6/12/2024 10:53 AM
By: Nicole Alvarez, DEPUTY

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## COUNTY OF SAN BERNARDINO

8

9  ROBERT LATHAM, individually and as
Successor in Interest to CORY ALLEN
10  LATHAM; BONNIE LATHAM, individually
and as Successor in Interest to CORY ALLEN
11  LATHAM; KAYLA LATHAM, a minor,
individually and as Successor in Interest to
12  CORY ALLEN LATHAM, by and through her
Guardian Ad Litem, DANIELLE LEPINS,

13              Plaintiff,

14  vs.

15

16  CITY OF SAN BERNARDINO, a municipal
entity; CITY OF BARSTOW, a municipal
17  entity; CITY OF CHINO; a municipal entity;
SAN BERNARDINO COUNTY, a
18  governmental entity; STATE OF
CALIFORNIA, a governmental entity; DOE
19  OFFICERS 1 through 25; and DOES 26
through 50, inclusive,
20

21              Defendants.

22

CASE NO.: CIVSB2129163


**FIRST AMENDED COMPLAINT**

**FOR DAMAGES**


**1. WRONGFUL DEATH - NEGLIGENCE;**

**2. WRONGFUL DEATH - BATTERY;**

**3. EXCESSIVE FORCE - 42 U.S.C. § 1983**


**DEMAND FOR JURY TRIAL**

23          COMES NOW, Plaintiff KAYLA LATHAM (hereinafter "Plaintiff"), for causes of
24  action against Defendant STATE OF CALIFORNIA, DOE OFFICERS 1 through 25; and DOES
25
26  26 through 50, and each of them, inclusive, and complains and alleges as follows:
27  / / /
28  / / /

**[PROPOSED] FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**<u>INTRODUCTORY ALLEGATIONS</u>**

1. At all relevant times herein, Plaintiff KAYLA LATHAM, was and is a resident of the County of San Bernardino, State of California.

2. Plaintiff KAYLA LATHAM, is the sole surviving daughter of Decedent CORY ALLEN LATHAM and is the Successor in Interest to Decedent CORY ALLEN LATHAM and is entitled to bring certain causes of action herein alleged, as his Successor in Interest, pursuant to Section 377.30 of the California *Code of Civil Procedure*. (Attached herewith as Exhibit "A" is a declaration designating KAYLA LATHAM, as the Successor in Interest to CORY ALLEN LATHAM and a true and correct copy of the Death Certificate of CORY ALLEN LATHAM).

3. Plaintiff is informed and believes and thereupon alleges that Defendant STATE OF CALIFORNIA was and still is a governmental entity encompassing numerous departments and bureaus. On April 22, 2021 a Claim for Damages was presented to the STATE OF CALIFORNIA on behalf of all Plaintiff in substantial compliance with Government Code, Section 910, et seq. At the time of the filing of this Complaint, said claim is deemed denied.

4. Plaintiff are ignorant of the true names of Defendant DOE OFFICERS 1 through 25. Plaintiff are informed, believe and thereon allege that at all times relevant herein that at all times mentioned herein were police officers employed by the Defendants, who were acting within the course and scope of their employment at the time they undertook the activities alleged herein and were. At all times herein mentioned DOE OFFICERS 1 through 25 were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants and as an employee, agent and representative of every DEFENDANT. DOE OFFICERS 1 through 25 are sued in their official and individual capacity. Plaintiff will amend this complaint to state the true name and capacity of DOE OFFICERS 1 through 25 when same has been ascertained.

5.      Plaintiff are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to them.  Plaintiff are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

6.      At all relevant times herein, each of the defendants herein, were the agents, servants, or employees  of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting within the express or implied knowledge, permission or consent of the remaining Defendant , and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOE OFFICERS 1 through 25, DOES 26 through 50, inclusive, were and are the Defendants whose identity is unknown at this time who supervised,  controlled,  or were in some manner  responsible  for the activities  alleged herein and proximately caused Plaintiff' damages.

## FACTS COMMON TO ALL COUNTS

7.      This Complaint concerns an officer involved shooting which occurred during the early morning of October 22, 2020, at or near the northbound 15 Freeway at or near what is believed to be unincorporated San Bernardino County.

8.     At the time of the subject incident, Decedent CORY ALLEN LATHAM ("DECEDENT") was 35 years old. He was known in the community as someone who suffered from mental illness, a fact also known by Defendants' officers.

9.     On October 22, 2020 at approximately 2:40 a.m., at or near the northbound 15 Freeway at or near what is believed to be unincorporated San Bernardino County, California Highway Patrol Officer(s) shot at DECEDENT dozens of times, while Cory Latham was involved in a vehicle pursuit.

10.     The shooting of DECEDENT by California Highway Patrol Officer(s) was an unreasonable use of lethal force.

11.     At all times relevant to the facts alleged herein, DOE OFFICERS 1 through 25 and DOES 26-50, and each of them, were duly appointed, officers for the California Highway Patrol and acting within the course and scope of their employment and/or agency and under color of state law.

12.     Plaintiff are informed and believe that the facts, witnesses and circumstances of the subject incident are known by the San Bernardino County Sheriff's Department and generally documented in San Bernardino County Sheriff's Department Report Number 602000183.

13.     The attack was committed pursuant to the policies and procedures of the California Highway Patrol Department. Further, after the attack, the California Highway Patrol, failed to render medical assistance contrary to their constitutional and statutory obligations. Still more, prior to, during, and after the attack, Defendants failed to accommodate and/or acknowledge DECEDENT's physical and mental disabilities.

14.     As a result of the of the unreasonable use of lethal force by Defendants, DOE OFFICERS 1 through 25 and DOES 26-50, and each of them, and the policies and procedures of their respective departments, DECDENT died on October 22, 2020. KAYLA LATHAM claim

1  damages as allowable under Cal. Code of Civil Procedure § 377.60, without limitation. Each

2  plaintiff requests reasonable compensation for the death and wrongful death in an amount to be

3  ascertained according to proof and in the interests of justice.

4      15.    The State of California Highway Patrol officers caused and are responsible for the

5  unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or

6  acting jointly and in concert with others who did so; by conspiring to falsify evidence; destroying

7  critical evidence; by authorizing, acquiescing or approving the unlawful conduct; by

8  promulgating policies and procedures pursuant to which the unlawful conduct occurred; by

9  failing and refusing, with deliberate indifference to Decedent's rights, to initiate and maintain

10  adequate training, supervision and staffing; by failing to maintain proper and adequate policies,

11  procedures and protocols; and by ratifying the unlawful conduct performed by agents and

12  officers, in violation of the Decedent's civil rights, including but not limited to rights guaranteed

13  the Fourth, and Fourteenth Amendment to the United States Constitution, and the Americans

14  with Disabilities Act (ADA) the Civil Code of California.

15      16.    The repeated discharge of their firearms by DOE OFFICERS 1 through 25 and

16  DOES 26-50 upon DECEDENT constituted excessive force in violation of the Fourth and

17  Fourteenth Amendment of the United States Constitution and state laws.

18      17.    In the alternative, DECEDENT died as a result of the negligence and other

19  misconduct of Defendants, DOE OFFICERS 1 through 25 and DOES 26-50, and each of them.

20  In shooting DECEDENT, Defendants, DOE OFFICERS 1 through 25 and DOES 26-50, and

21  each of them were acting within the scope and course of their employments, said personnel

22  negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and

23  knowledge ordinarily possessed and exercised by others in the same profession and in the same

24  locality as defendants. The shooting constitutes a civil battery.

18.     Plaintiff is informed, believes and thereon alleges, that Defendants, DOE OFFICERS 1 through 25 and DOES 26 through 50, and their decision makers, acted with deliberate indifference, gross negligence, and reckless disregard for the safety, security and constitutional and statutory rights of Decedent and Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of among other things: subjecting peopled to unreasonable uses of force against their persons:

a.   selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence and other misconduct;

b.   failing adequately train, supervise and control employees in the dangers of repeated discharge of firearms including, without limitation, the use of potentially lethal tactics on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

c.   condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

19.     Plaintiff is informed and believes and thereon alleges that Defendants have longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions, and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of unconstitutional violations based either on a deliberate plan by defendants or on defendants' deliberate

indifference, gross negligence, or reckless disregard to the safety, security and rights of Plaintiff and their decedent.

20.     As a result of the repeated unconstitutional actions of Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 and each of them, DECEDENT died. Plaintiff have suffered, and continue to suffer, devastating and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness, and terror. Plaintiff have further suffered economic and non-economic damages.

## FIRST CAUSE OF ACTION

### WRONGFUL DEATH - NEGLIGENCE

**(By Plaintiff Against Defendant STATE OF CALIFORNIA, DOE OFFICERS 1 through 25, and DOES 26 through 50)**

21.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if fully forth herein.

22.     All claims asserted herein against the DEFENDANTS are presented pursuant to the DEFENDANTS' vicarious liability for acts and omissions of state agency employees undertaken in the course and scope of their employment. Defendants DOE OFFICERS 1 through 25 were acting under color of law and within the course and scope of their employment, including but not limited to under California *Government Code* Sections 815.2, 820 and 825, on October 22, 2020, the date of the incident. Defendant STATE OF CALIFORNIA is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of DOE OFFICERS 1 through 25, as alleged herein.

23.     Plaintiff is informed and believes and thereupon alleges that on October 22, 2020 at approximately 2:40 a.m., at or near the northbound 15 Freeway at or near what is believed to be unincorporated San Bernardino County, Defendants, DOE OFFICERS 1 through 25, and

DOES 26 through 50 shot at DECEDENT dozens of times, while DECEDENT was involved in a vehicle pursuit.

24.     Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 shot Decedent multiple times with their firearms and assaulted and battered Decedent who died shortly thereafter. The shooting of DECEDENT by Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 was an unreasonable use of lethal force.

25.     As a direct, legal and proximate result of Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, inclusive, negligence, Plaintiff suffered emotional distress.

26.     At all times herein mentioned, Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, inclusive, failed to follow procedural dictations and recklessly and/or negligently caused injuries and the death of DECEDENT.

27.     At all times relevant to the facts alleged herein, DOE OFFICERS 1 through 25, and DOES 26 through 50, and each of them, were duly appointed, qualified and acting deputy sheriffs for Defendants and acting within the course and scope of their employment and/or agency and under color of state law.

28.     As a direct and proximate result of the actions of Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 and each of them, Plaintiff have also suffered from the following injuries, including but not limited to:

a.   Loss of love, aide, comfort, future support, community, affection, society, presence, companionship, protection, consortium, counsel, contributions, accumulations, inheritance and right of inheritance of DECEDENT, according to proof;

b.   Loss of economic support of DECEDENT;

c.   Funeral and burial expenses according to proof.

29.     Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, inclusive, and each of them, in deliberately shooting and killing DECEDENT without justification and in disregard of his civil rights and liberties, subjected DECEDENT to despicable conduct in conscious disregard of his rights, thereby entitling Plaintiff to punitive damages.

**SECOND  CAUSE OF ACTION**

**BATTERY – WRONGFUL DEATH**

**(By Plaintiff Against Defendant STATE OF CALIFORNIA, DOE OFFICERS 1 through 25, and DOES 26 through 50)**

30.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth fully herein.

31.     All claims asserted herein against the DEFENDANTS are presented pursuant to the DEFENDANTS' vicarious liability for acts and omissions of state agency employees undertaken in the course and scope of their employment. Defendants DOE OFFICERS 1 through 25 were acting under color of law and within the course and scope of their employment, including but not limited to under California *Government Code* Sections 815.2, 820 and 825, on October 22, 2020, the date of the incident. Defendant STATE OF CALIFORNIA is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of DOE OFFICERS 1 through 25, as alleged herein.

32.     Plaintiff is informed and believes and thereupon alleges that on October 22, 2020 at approximately 2:40 a.m., at or near the northbound 15 Freeway at or near what is believed to be unincorporated San Bernardino County, Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 shot at DECEDENT dozens of times, while DECEDENT was involved in a vehicle pursuit.

33.     Plaintiff is informed, believes, and therefore alleges that or on about October 22, 2020, Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, fatally assaulted,

9

battered, shot and killed DECEDENT as previously described herein, all of which constituted deadly, excessive, unjustifiable, and unreasonable force in violation of, and with deliberate indifference to, DECEDENT's right to be free from unreasonable seizures and batteries upon his person.

34. Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 shot Decedent multiple times with their firearms and assaulted and battered Decedent who died shortly thereafter. The shooting of DECEDENT by Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 was an unreasonable use of lethal force.

35. Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, and each of them, intended to cause, and did cause, Plaintiff to suffer serious physical and emotional harm as the result of the intentional and unnecessary application of force to DECEDENT.

36. At all times relevant to the facts alleged herein, DOE OFFICERS 1 through 25, and DOES 26 through 50, and each of them, were duly appointed, qualified and acting deputy sheriffs for Defendants and acting within the course and scope of their employment and/or agency and under color of state law.

37. DECEDENT had the right to be free from conduct constituting a battery, to wit conduct constituting an unreasonable seizure, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to DECEDENT by the provisions of laws of the State of California and the Constitution of the State of California. All of these interests were implicated by the wrongful conduct of Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, and each of them, which proximately caused the death of DECEDENT.

38. As a direct and proximate result of the aforesaid acts, omission, customs, practices, policies and decisions of the Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 and each of them, Plaintiff have also suffered from the following injuries, including but not limited to:

    a.  Loss of love, aide, comfort, future support, community, affection, society, presence, companionship, protection, consortium, counsel, contributions, accumulations, inheritance and right of inheritance of DECEDENT, according to proof;

    b.  Loss of economic support of DECEDENT;

    c.  Funeral and burial expenses according to proof.

39.    Plaintiff is informed and believes, and thereupon alleges that each of the Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, and each of them, acted in concert, and acted willfully, knowingly, maliciously, and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff' decedent of their protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proved at the trial of this matter.

### THIRD CAUSE OF ACTION

### EXCESSIVE FORCE - 42 U.S.C. § 1983

### (By Plaintiff Against Defendant STATE OF CALIFORNIA, DOE OFFICERS 1 through 25, and DOES 26 through 50)

40.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth fully herein.

41.    Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, unjustified shooting, individually and as a peace offer, deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    As a result of the shooting, DECEDENT died.

43.     As a direct and proximate result of the actions of Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50 and each of them, Plaintiff has also suffered from the following injuries, including but not limited to:

      a.   Loss of love, aide, comfort, future support, community, affection, society, presence, companionship, protection, consortium, counsel, contributions, accumulations, inheritance and right of inheritance of DECEDENT, according to proof;

      b.   Loss of economic support of DECEDENT;

      c.   Funeral and burial expenses according to proof.

44.     Defendants, DOE OFFICERS 1 through 25, and DOES 26 through 50, inclusive, and each of them, in deliberately shooting and killing DECEDENT without justification and in disregard of his civil rights and liberties, subjected DECEDENT to despicable conduct in conscious disregard of his rights, thereby entitling Plaintiff to punitive damages.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against Defendants, and each of them,  as follows:

1.     For burial and funeral related expenses according to proof at trial;

2.     For general damages in an amount to be determined according to proof at trial;

3.     For special damages in a sum according to proof at the time of trial;

4.     For punitive damages against the individual defendants in their individual capacities in an amount to be determined according to proof at trial;

6.     For costs of suit incurred herein;

7.     For legal/attorney fees, expenses, and costs incurred herein in prosecution

in the present action to the extent provided by law;

8.    For all prejudgment interest, according to proof as permitted by law; and

9.    For such other and further relief as the Court deems just and proper.

DATED:  June 12, 2024                        **THE LAW OFFICES OF HAYTHAM FARAJ**


By:   _____
      HAYTHAM FARAJ, ESQ.
      Attorneys for Plaintiff

13

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all of the causes of action.

DATED: June 12, 2024                **THE LAW OFFICES OF HAYTHAM FARAJ**


By:   _____
       HAYTHAM FARAJ, ESQ.
       Attorneys for Plaintiff

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Law Offices of Haytham Faraj, 8605 Santa Monica Blvd., Suite 44953, West Hollywood, California 90069-4109.

     On June 12, 2024, I served the foregoing document(s) described as **PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties in this action on the attached service list:

X    **BY ELECTRONIC SERVICE:**  By electronically serving the documents to the electronic mail addresses set forth below on this date prior to 11:59 PM (Pacific) consistent with Code of Civil Procedure section 1010.6 (a)(2), (4), (5) and 1010.6 (e).

X    **STATE**:    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on the above-stated date at Los Angeles, California.

_____
Katherine Melik-Stepanyan

## <u>SERVICE LIST</u>

| | |
|---|---|
| Ashley Reyes, Esq.<br>Deputy Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>Telephone: (213) 269-6505<br>Fax: (916) 731-2120<br>E-mail: ashley.reyes@doj.ca.gov;<br>carrie.vue@doj.ca.gov;<br>emily.sweet@doj.ca.gov | Attorneys for Defendant, State of California [acting through California Highway Patrol] |

**PROOF OF SERVICE**

# CERTIFICATE OF SERVICE

Case Name:  **_Robert Latham, et al. v. City of_**          No.
            **_San Bernardino, et al._**

I hereby certify that on <u>July 15, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF REMOVAL BY DEFENDANT STATE OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 15, 2024</u>, at Fresno, California.

| Carrie Vue | /s/ Carrie Vue |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 15, 2024</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Haytham Faraj
Law Offices of Haytham Faraj
8605 Santa Moncia Blvd., Suite 44953
West Hollywood, CA 90069
**_Attorney for Plaintiffs_**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 15, 2024</u>, at Fresno, California.

| Jamie Carlton | /s/ Jamie Carlton |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

LA2022601528
95577146.docx